## OREGON SHORT LINE AND UTAH NORTHERN RAILWAY COMPANY, APPELLANT, v. F. A. MITCHELL, AND OTHERS, RESPONDENTS.

EMINENT DOMAIN.—PARTIES.—TRUST DEED.—Where land has been conveyed to a trustee under a deed of trust given to secure an indebtedness, the trust deed in condemnation proceedings will be treated simply as a lien, and the equitable owner of the land is a necessary party, although the legal title is in the trustee.

ID.—TRUSTEE.—EQUITABLE OWNER.—Under the eminent domain statutes of this Territory, the grantors in a deed of trust which places the legal title in a trustee for the purposes of securing payment of an indebtedness, are the real owners of the land, and a decree against the trustee would give the plaintiff, in the action to condemn, no right to enter upon the land.

ID.—RIGHT OF WAY.—MEASURE OF DAMAGES.—Where an action is brought against a trustee under a deed of trust to secure an indebtedness, and summons is served upon him, and afterwards the grantors in the deed of trust, the real owners of the land, voluntarily enter their appearance, waiving summons; *held,* that the measure of damages in condemnation proceedings is the value of the land at the time of entering appearance and not at the date of the summons issued against the trustee, although section 3852, 2 Comp. Laws 1888, provides that the damages shall be deemed to have accrued at the date of the summons.

APPEAL from a judgment of the district court of the first district. The opinion states the facts except the following:

In section 3846, 2 Compiled Laws of Utah, it is provided that proceedings in condemnation "must be commenced by filing a complaint and issuing a summons thereon." In section 3847, that the complaint must contain "the

names of all owners and claimant, of the property, if known, or a statement that they are unknown, who must be styled defendants." Section 3848 provides that "the clerk must issue a summons, which must contain the names of the parties." Section 3849 provides that "all persons in occupation of, or having any interest in the property sought to be condemned though not named, may appear, plead and defend, each in respect to his own interest, in like manner as if named in the complaint." Section 3851 provides that in their verdict the jury shall assess each separate estate or interest in the property taken. Section 3852 provides that for the purpose of assessing damages and compensation, the actual value of the property at the date of the summons shall be the basis of the assessments and that "no improvements put upon the property subsequent to the date of the *service of summons* shall be included in the assessment of compensation or damages." And section 3853 provides that "if the title attempted to be acquired is found to be defective from any *cause* the plaintiff may again institute proceedings to acquire the same * *." Section 2642, 2 Comp. Laws 1888, provides for the discharging of mortgage or deed of trust by entry on the margin of the record; and section 3474 provides that a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale. The other facts appear in the opinion.

*Messrs. Williams and Van Cott,* for the appellant.

The title to the land was in Bacon, the trustee, and Mitchell simply held an equity. *Koch* v. *Briggs,* 14 Cal. 257; *Newman* v. *Jackson,* 12 Wheat. 570; *Morris* v. *Way,* 16 Ohio, 469; *Marvin* v. *Fitsworth,* 10 Wis. 320; *Bateman*

v. *Burr*, 57 Cal. 480; *Durkin* v. *Burr*, 60 Cal. 360; 2 Perry on Trusts, § 602; Lewis on Eminent Domain, § 321.    The legal title being in the trustee, Mitchell and wife might be proper parties, but they were not necessary parties.    Lewis on Eminent Domain, § 321;    *Hidden* v. *Davison*, 51 Cal. 138; *Schumaker* v. *Toberman*, 56 Cal. 508.

*Messrs.    Bennett,    Marshall    and    Bradley,*    for the respondent.

The sections of the statutes (quoted in statement of facts *supra*) show that Mitchell was the real owner of the land.    A deed of trust does not differ in legal effect from a mortgage.    2 Jones on Mortgages, § 1769; *Schilla-ber* v. *Robinson*, 97 U. S. 68; 2 Am. Law Reg. 648.    In those States where it is held that a mortgage does not convey the legal estate, a deed of trust is held to create a lien simply.    2 Jones on Mortgages, § 1769; *Bartlett* v. *Teah*, 1 Fed. Rep. 768; *Webb* v. *Honselton*, 4 Neb. 308; *Newman* v. *Samuels*, 17 Ia. 528; *Lenox* v. *Reed*, 12 Kans. 223; *McLane* v. *Pascal*, 47 Tex. 365.    The great weight of authority in those States where the mortgagee is held to take the legal title, is that mortgagor and mortgagee are necessary parties.    *Severin* v. *Railway Co.*, 38 Ia. 463; *Sherwood* v. *Lafayette*, 58 Am. Rep. 414; *Martin* v. *Railway Co.*, L. R. 1 Ch. Ap. 501; *Commissioners* v. *Todd*, 112 Ill. 379; *Sinian* v. *Rhodes*, 24 Minn. 25; *Railway Co.* v. *Barnes*, 40 Mich. 383; *Railway Co.* v. *Booraem*, 28 N. J. Eq. 450; *Platt* v. *Bright*, 29 N. J. Eq. 128; *Aspinwall* v. *Railway Co.*, 41 Wis. 474; Lewis on Eminent Domain, § 324; Mills on Eminent Domain, § 65.    See 30 Am. and Eng. Ry. Cases, 436, and note and authorities cited.

BLACKBURN, J.:

This is a suit to condemn right of way for a railroad. It was commenced originally against Bacon alone as trustee, and summons issued December 24, 1889. Afterwards, August 25, 1890, the Mitchells were made parties by stipulation, and they appeared without summons. Trial was had February 25, 1891, and judgment in favor defendants Mitchell for $1,975 and costs and the value of the fence, $325. The evidence showed Mitchells owned the land, and Bacon had no interest in it only as trustee in a trust-deed to secure the payment of a loan of $5,600. This was evidenced by a trust deed in the usual form. There is no complaint that damages assessed are too high; but the plaintiff and appellant complains of the instruction of the court to the effect that the value of the land and estimation of damages should be made as of the date of August 25, 1890, and contends that the value of the land and estimation of damages should have been made as of the date of the summons, December 24, 1889. We think the instruction was right. The Mitchells were the only persons entitled to damages. Bacon had no interest in the damages whatever, and was properly a party for the purpose of seeing that the security for the loan he represented was not impaired. If damages had been allowed him, the Mitchells would have been entitled to receive the full amount thereof credited on their indebtedness. For practical purposes, under the eminent domain statutes of this Territory, they were the owners; and the condemnation of the land by a proceeding in which they were not parties would have been of no avail, and would have given the plaintiff company no right to enter upon the land and use it for the construction of their railway. Hence they were necessary parties to the proceedings of condemnation. 2

Comp. Laws Utah, § 3852, provides that the damages "shall be deemed to have accrued at the date of the summons." ·

Summons was issued against Bacon alone on December 24, 1889, on a complaint against him alone, and afterwards the complaint was amended so as to make the Mitchells parties, and on August 25, 1890, they appeared and answered by stipulation without summons. If they had not appeared, it would have been necessary to have issued summons to them to make them parties, and their damages under the statutes would have accrued as of the date of the summons against them. It was for the benefit of the plaintiff that they appeared without summons, and, because they did that, is it reasonable that they waived their right to have their damages assessed according to law? These views need no authority in their support; they are rudimentary. The judgment is affirmed.

ZANE, C. J., and ANDERSON, J., concurred.